UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

George Ortiz,

                Plaintiff,

     –v–

Commissioner of Social Security,

                Defendant.

20-cv-5715 (AJN) (SN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

      On January 25, 2022, the Honorable Sarah Netburn, U.S. Magistrate Judge, issued a Report and Recommendation that recommended this Court grant the Plaintiff's motion for judgment on the pleadings and deny the Government's motion. Dkt. No. 27. The Government did not object to that R&R. The Court on March 9, 2022, adopted the R&R in full and remanded the case for further administrative proceedings. Dkt. No. 28. Now before the Court is the Plaintiff's June 1, 2022 motion for attorneys' fees and costs. Dkt. No. 30.

      The Plaintiff requested under the Equal Access to Justice Act, 28 U.S.C. § 2412, a total of $13,884 for 64 hours of attorney work billed at $216 per hour and 0.6 hours of paralegal work billed at $100 per hour. Dkt. No. 30; *see also* Dkt. Nos. 31, 32. The Government concedes that the Plaintiff is entitled to attorneys' fees and does not challenge the $216 hourly rate. Gov't Br. at 1, Dkt. No. 34. Instead, the Government raises the narrow objection that 64 hours is excessive, noting that courts in the Second Circuit typically find 20 to 40 hours to be reasonable for social security appeals. *Id.* at 2–3 (citing, for example, *Forrest v. Colvin*, No. 15-CIV-1573 (KPF), 2016 WL 6892784, at *3 (S.D.N.Y. Nov. 21, 2016) (collecting cases)). The Plaintiff in

reply argues that it was reasonable to exceed 40 hours in light of the large administrative record, totaling 2,146 pages, and the complexity of the case. Pl. Reply at 3, Dkt. No. 35 (collecting cases that awarded fees for work that exceeded 40 hours). Additionally, the Plaintiff seeks to recover fees for the 4 hours required to prepare his reply brief, bringing the total fees requested to $14,748 for 68 hours of work. *Id.* at 6–7 (citing *Comm'r v. Jean*, 496 U.S. 154 (1990)).

Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States," 28 U.S.C. § 2412(d)(1)(A), which includes "reasonable attorney fees" equal to the number of hours expended multiplied by the hourly rate, *id.* § 2412(d)(2)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The parties agree that the Plaintiff is a prevailing party, that his fees motion was timely filed, and that the hourly rate requested is reasonable. The Court reaches the same conclusion as to each of these elements of the fees request.[1]

As to the reasonable number of hours expended, the Government is correct that courts in this Circuit typically employ a 40-hour rule of thumb for routine social security cases. *See, e.g.*, *Padula v. Colvin*, 602 F. App'x 25, 28 (2d Cir. 2015) (summary order) (awarding 49.1 hours); *Bass v. Kijakazi*, No. 16-CIV-6721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022). But 40 hours is not a hard-and-fast limit. District courts have found higher hours to be reasonable if the administrative record is especially lengthy or the issues raised to be notably complex. *E.g.*, *Price v. Comm'r of Soc. Sec.*, No. 19-CV-8499 (JPO), 2022 WL 1567463, at *2 (S.D.N.Y. May 18, 2022) (finding 60.4 hours to be reasonable for a "particularly voluminous" 1,551-page record); *Vellone o/b/o Vellone v. Kijakazi*, No. 20-CV-261 (RA) (KHP), 2022 WL

---

[1] The Court understands that the Government also does not object to the 0.6 hours billed by counsel's paralegal at $100 per hour.

2

276842, at *3 (S.D.N.Y. Jan. 31, 2022), *report and recommendation adopted*, 2022 WL 464303 (S.D.N.Y. Feb. 15, 2022) (finding 65 hours to be reasonable even though the administrative record "was not particularly long"); *Daily v. Comm'r of Soc. Sec.*, No. 18-CV-1080 (AT) (KNF), 2020 WL 1322528, at *3 (S.D.N.Y. Mar. 19, 2020) (68.3 hours reasonable in light of a 900-page record); *Colegrove v. Barnhart*, 435 F. Supp. 2d 218, 220–21 (W.D.N.Y. 2006) (collecting cases). Here, the Court concludes that the considerable 2,146-page administrative record justifies exceeding the 40-hour benchmark as the Plaintiff's counsel did. *See Santiago v. Comm'r of Soc. Sec.*, No. 19-CIV-4001 (KPF) (KNF), 2020 WL 7335310, at *4 (S.D.N.Y. Dec. 14, 2020) (describing 1,113 pages as "larger than average"). The scope and complexity of the case is further corroborated by the fact that the Plaintiff received leave to exceed the page limit in his brief, Dkt. No. 19, and by Judge Netburn's 17-page R&R, Dkt. No. 27.[2]

       The Court acknowledges that Plaintiff's counsel has decades of relevant experience and represented the Plaintiff in much of the administrative proceedings below, providing familiarity with the factual record. Gov't Br. at 4, 6. But while such factors may in some cases counsel toward a reduction in requested fees, the Court concludes that they do not here. *See Holman v. Comm'r of Soc. Sec.*, No. 19-CV-4393 (PGG) (KHP), 2021 WL 9036256, at *3 (S.D.N.Y. July 19, 2021) ("Although Plaintiff's counsel is experienced, the Court recognizes that it takes time to comb through medical records, some of which are hard to read, and to prepare a brief. Indeed, courts in this District have rejected the notion that experience alone should justify a reduction of

---

[2] The Government's argument that some portions of the administrative record were irrelevant to the Plaintiff's appeal because it involved medical records that predated the date that the Plaintiff filed his application, Gov't Br. at 4, is belied by Judge Netburn's appropriate reliance on those materials in the R&R, *see* Dkt. No. 27 at 12; 20 C.F.R. § 416.912(b)(1) (noting that the Commission requires an applicant's "complete medical history for at least the 12 months preceding the month in which" they file an application).

hours."); *Santiago*, 2020 WL 7335310, at *4 ("Furthermore, counsel's extensive experience would not substantially reduce the time necessary to review the record and synthesize the information contained therein into a comprehensive statement of facts and arguments with citations to the record."). The Court will, however, reduce the requested fees by 1.5 hours to offset the time billed for repeated and unjustified status-update calls, Dkt. No. 30-1, which contributed little "additional benefit" to the Plaintiff, *Sarro v. Astrue*, 725 F. Supp. 2d 364, 367 (E.D.N.Y. 2010).

    The Court therefore GRANTS the Plaintiff's motion and awards the Plaintiff a total of $14,424 in fees for 66.5 hours expended by counsel at $216 per hour and 0.6 hours expended by the paralegal at $100 per hour. This resolves docket number 30.

    SO ORDERED.

Dated: July 13, 2022
       New York, New York

_____
ALISON J. NATHAN
United States Circuit Judge
Sitting by Designation

4